```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/25/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LEROY DICKERSON,

                              Petitioner,

         -v-

JAMES CONWAY,

                              Respondent.

------------------------------------------------------------X

08 Civ. 8024 (PAE) (FM)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Petitioner Leroy Dickerson, proceeding *pro se*, brings this petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2254. On February 14, 2013, Magistrate Judge Frank Maas issued a Report and Recommendation, recommending that the Petition be denied. *See* Dkt. 35 (the "Report"). On June 10, 2013, Dickerson filed objections to the Report. *See* Dkt. 40 ("Objections"). For the reasons that follow, the Court adopts the Report in its entirety. Dickerson's petition is denied.

I. **Background**[1]

Dickerson challenges his 2002 conviction, following a month-long jury trial in Supreme Court, New York County, on two counts of murder in the second degree. These charges resulted from the death, by starvation, of Dickerson's five-year-old daughter Nadine. Both counts on which the jury returned a guilty verdict proceeded on a deliberate indifference theory, *i.e.*, that Dickerson knew of his daughter's malnourished condition and was an active participant in her

---

[1] The Court's summary of the facts of this case is drawn from the detailed account of the facts provided in the Report, to which Dickerson does not object. *See* Objections ¶¶ 5–8.

systematic mistreatment and starvation. Dickerson was sentenced to two concurrent prison terms of 25 years to life.

Between his original petition, *see* Dkt. 1, and his amended petition, *see* Dkt. 31, Dickerson raises six arguments: (1) the evidence at trial was legally insufficient to sustain the jury's verdict; (2) the trial court erred by admitting into evidence certain photos of Nadine's body; (3) Dickerson's sentence was excessive; (4) newly-discovered evidence established his innocence; (5) his Sixth Amendment rights were violated because he was not allowed to directly contact a potential witness without speaking to her attorney first; and (6) his trial counsel was ineffective. The Report thoroughly analyzed each of these arguments, and rejected them—several on alternative grounds.

## II. Discussion

After a Report and Recommendation has been issued by a magistrate judge, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo. See Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). However, it is well-settled that when the objections simply reiterate previous arguments or make only conclusory statements, the Court should review the report for clear error, *see Genao v. United States*, No. 08 Civ. 9313 (RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011); *Kirk v. Burge*, 646 F. Supp. 2d 534, 539 (S.D.N.Y. 2009) (collecting cases), even in the case of a *pro se* plaintiff, *see Parlin Funds LLC v. Gilliams*, No. 11 Civ. 2534 (ALC)(MHD), 2012 WL 5258984, at *1 (S.D.N.Y. Oct. 23, 2012) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

2

Although Dickerson has filed objections to the Report,[2] they repeat the arguments that he has previously made. Dickerson's objections merely incorporate by reference his previous filings in this case, by stating that he "renews all claims set forth in the original petition accepted by the Court, and the amended petition accepted by the Court"; "brings forth in denial of the Report and Recommendation [the] Traverse and Memorandum of Law to Respondent's May 4, 2012, Answer to Amend Petition For A writ of Habeas Corpus, and the arguments therein presented"; and "further objects to the Report and recommendation now before the court founded upon his TRAVERSE of February 2012." Objections ¶¶ 1–3.

The only objection Dickerson makes that constitutes more than a direct incorporation of his prior arguments is that "[t]here is an issue of innocence here in this matter which has been trampled by public emotions and radio and television reporting at the time of the trial. An absent dad who fails to raise his child cannot be convicted as a murderer, of having systematically served starved to death over a year to four years his child whom he did not live with and have limited contact to." *Id.* ¶ 9. But this is simply a recapitulation of the argument that Dickerson made in his amended petition—that he was an absentee father with no knowledge of his daughter's condition, and therefore the evidence at trial was insufficient to prove depraved indifference. *See* Dkt. 31, at 9–13. Therefore, the Court reviews the Report for clear error.

---

[2] Dickerson's objections are untimely. On March 9, 2013, one month after the Report was issued, Dickerson sent a letter to the Court requesting an extension of time to file his objections. Dkt. 36. The Court granted him an extension until April 30, 2013. Dkt. 37. On May 3, 2013, the Court received a letter from Dickerson, dated April 21, 2013, requesting pro bono counsel to assist him in responding to the Report. Dkt. 38. The Court denied that request, but granted Dickerson another extension, until May 30, 2013, to file his objections. Dkt. 39. In doing so, the Court reminded Dickerson that failure to file timely objections would result in waiver of any objections to the Report. *Id.* On June 10, 2013, the Court received Dickerson's objections, which are dated June 3 and postmarked June 5. Dkt. 40. Nevertheless, because Dickerson appears to have made a diligent effort to respond to the Report, the Court considers his objections here.

Having reviewed the Report, the Court finds no error, let alone clear error.[3] Judge Maas's Report is detailed and persuasive. The Court adopts it in its entirety.

## CONCLUSION

For the foregoing reasons, Dickerson's petition for a writ of habeas corpus is denied. The Court declines to issue a certificate of appealability. Dickerson has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: June 24, 2013
New York, New York

---

[3] Even if Dickerson's objection to the Report's finding that the evidence was sufficient were enough to trigger *de novo* review, the result would be the same. The evidence of Dickerson's guilt, chronicled in detail in Judge Maas's comprehensive and persuasive Report, is overwhelming. As the Report stated: "In light of all th[e] evidence that Dickerson knowingly participated in the four years of mistreatment and neglect leading to Nadine's death, the suggestion that his conviction should be set aside on sufficiency grounds is totally absurd." Report 38–39.

4